IN THE COURT OF APPEALS OF TENNESSEE

AT NASHVILLE

**FILED**

**July 14, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| WINDON H. TAYLOR and SARAH A. TAYLOR, | ) C/A NO. 01A01-9810-CV-00563 |
| Plaintiffs-Appellees, | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) SUMNER COUNTY CIRCUIT COURT |
| T&N OFFICE EQUIPMENT, INC., JERALD W. NICHOLS and GAYLE J. NICHOLS, | ) |
| | ) HONORABLE THOMAS GOODALL, |
| Defendants-Appellants. | ) JUDGE |

For Appellant

LARRY L. CRAIN
Brentwood, Tennessee

For Appellee

LOUIS W. OLIVER, III
Hendersonville, Tennessee

MEMORANDUM OPINION

AFFIRMED AND REMANDED                                  Susano, J.

When this case was first before us,[1] we concluded that the trial court had failed to conduct a proper hearing on the subject of the attorney's fees to which the appellees were entitled under the terms of the promissory note at issue in this case.[2] We remanded this case to the trial court to hold such a hearing. The only issue now before us on this second appeal is whether the trial court's subsequent award of attorney's fees of $11,960.13 is reasonable, considering the criteria set forth in Disciplinary Rule 2-106(B) of the Code of Professional Responsibility (Rule 8, Rules of the Supreme Court). Our *de novo* review of the record of the proceedings below convinces us that the evidence does not preponderate against the trial court's determination of a reasonable fee in this case. *See* Rule 13(d), T.R.A.P.

The judgment below is affirmed, pursuant to the provisions of Rule 10(b), Rules of the Court of Appeals.[3] The appellees' request for fees and expenses in connection with this appeal is denied. Costs on appeal are taxed against the appellants. This case is remanded to the trial court for such further proceedings, if any, as may be required, consistent with

---

[1] *See Taylor, et ux. v. T&N Office Equipment, Inc., et al.*, C/A No.01A01-9609-CV-00411, 1997 WL 272444 (Tenn.App. at Nashville, May 23, 1997).

[2] The note provides for "reasonable attorneys' fees and court and other costs" if it is "placed in the hands of an attorney for collection or for protection of...interest...in collateral."

[3] Rule 10(b), Rules of the Court of Appeals, provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

this opinion, and for the collection of costs assessed below, all pursuant to applicable law.

_____
                                        Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

3